**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **MCI COMMUNICATIONS SERVICES, INC.,**<br><br>　　　　**Plaintiff**<br><br>vs.<br><br>**A&D LANDWORKS LLC,**<br><br>　　　　**Defendant.** | **Civil Action No. _____** |

## ORIGINAL COMPLAINT

Plaintiff MCI Communications Services, Inc. ("MCI") for its Complaint against Defendant A&D Landworks LLC ("Landworks") alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff MCI is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

2. Upon information and belief, Defendant Landworks is a Texas limited liability company with its principal place of business in Longview, Texas. The sole members of Landworks are Arles D. Johnson and David Gable, both of whom are individual residents of Texas.

3. The matter in controversy, exclusive of interest and costs, exceeds $75,000.00. Diversity of citizenship exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

4. The actions and omissions giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(a), (c).

**BACKGROUND INFORMATION**

5. MCI is a telecommunications company which provides interstate telecommunications services to individual and commercial users. These telecommunications services are provided through, among other means, nationwide networks of fiber optic cables, which are buried underground.

6. By agreement with Union Pacific Railroad ("UPRR"), MCI possesses the rights to install and operate fiber optic cables in the UPRR right-of-way. By virtue of this agreement, MCI is entitled to an undisturbed possession of these rights. In accordance with its agreement with UPRR, MCI installed and operates fiber optic cables in UPRR's right-of-way in and around Hallsville, Texas.

**FIRST CAUSE OF ACTION**
**(TRESPASS)**

7. MCI repeats and realleges each and every allegation contained in paragraphs 1-6 above as if fully set forth at length herein.

8. Upon information and belief, on March 4, 2010, Landworks was, without MCI's knowledge or consent, and against MCI's will, excavating with mechanized equipment in the UPRR right-of-way near the intersection of US-80 Highway and Branch Street on West Willow Street in Hallsville, Texas.

9. Upon information and belief, on March 4, 2010, without MCI's knowledge or consent, and against MCI's will, Landworks severed MCI's cable while excavating with mechanized equipment as described in paragraph 8 above.

10. As a result of Landworks' actions, MCI sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its cable which has resulted in actual

damages to MCI including, but not limited to the costs of repairs and the loss of the use of the cable.

11. Landworks' actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE)

12. MCI repeats and realleges each and every allegation contained in paragraphs 1-11 above as if fully set forth at length herein.

13. Upon information and belief, Landworks acted negligently in excavating with mechanized equipment as described in paragraph 8. This negligent conduct included, but is not limited to the following:

   a. Failing to notify the Texas notification center prior to commencing excavation as required by Tex. [Util.] Code Ann. §251.151(a);

   b. Failing to excavate in a careful and prudent manner;

   c. Failing to take adequate measures to ensure MCI's cable would not be damaged during the work described in paragraph 8 above;

   d. Failing to determine the approximate location of all underground utilities that might be encountered prior to beginning the work described in paragraph 8 above;

   e. Failing to maintain clearance between MCI's cable and the cutting edge of the mechanized equipment to avoid damage to MCI's cable;

   f. Failing to train Landworks' employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Tex [Util.] Code Ann. §251.001 *et seq.*;

   g. Failing to adequately supervise Landworks' employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but

    not limited to, the provisions of Tex [Util.] Code Ann. §251.001 *et seq.*; and

  h. Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

14. As a result of Landworks' actions and/or omissions, MCI has sustained damage to and the loss of the use of its cable which has resulted in actual damages to MCI, including, but not limited to costs of repair of the cable and the loss of the use of the cable.

15. Landworks' actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of MCI's rights and a conscious indifference to the consequences.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MCI respectfully requests that final judgment be entered in its favor and against Defendant Landworks in an amount in excess of $75,000.00, together with pre-judgment and post-judgment interest, and all other and further relief as this Court deems just and proper.

Dated: May 25, 2011        Respectfully submitted,

                /s/ Devon D. Sharp
                Devon D. Sharp, SBN 24060593
                **MUNSCH HARDT KOPF & HARR, P.C.**
                3800 Lincoln Plaza
                500 North Akard Street
                Dallas, TX 75201-6659
                Telephone: (214) 855-7539
                Facsimile: (214) 978-5369

                **ATTORNEY FOR PLAINTIFF**
                **MCI COMMUNICATIONS SERVICES, INC.**

1219632.1:915100:00807